**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT COOKEVILLE**

| | | |
|---|---|---|
| JEFFREY SMITH | ) | Case No. 2: 11-0034 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Judge Trauger |
| | ) | |
| COMMUNITY OPTIONS, INC. | ) | Magistrate Judge Brown |
| | ) | |
| Defendant. | ) | |
| | ) | JURY DEMAND |

_____

**INITIAL CASE MANAGEMENT ORDER**
_____

    **A.**    **Jurisdiction:**

The court has jurisdiction pursuant to 28 U.S.C. § 1331 and the Americans with Disabilities Act (ADA), 42 U.S. C. § 12101, *et seq.*

    **B.**    **Brief Theories of the Parties:**

    1.    <u>Plaintiff's Theory of the Case</u>

Mr. Smith is a disabled adult. He was hit by a car when he was twelve (12) years old and suffered a traumatic brain injury and other injuries. Before suffering the injuries that are the subject of this Complaint, Mr. Smith was blind in his right eye, partially paralyzed on his right side, and has speech difficulty and other cognitive impairment. Mr. Smith has been declared totally disabled by the Social Security Administration.

COI operates a number of residential units in Putnam County, Tennessee. Mr. Smith was a resident of one of these units which had a live-in supervisor, employed by COI, present 24 hours a day.

COI determined that Mr. Smith should be placed with Mr. Chris Paran, another disabled person with impulse control issues and, upon information and belief, a history of violent behavior of which COI knew or should have known.

On or about December 7, 2009, Mr. Paran and/or the COI employee Brady Wright hit Mr. Smith in the face, severely fracturing his nose and causing severe bleeding, pain and difficulty breathing.

COI neither provided nor sought necessary medical care for Mr. Smith's injuries and conditions suffered in the December 7, 2009, incident.

COI employee Brady Wright filed a report minimizing the incident and leaving out critical details. While the report claimed that Mr. Smith was merely hit it the face with a small plastic ruler, but Mr. Smith's treating physician has stated unequivocally that "There is simply no way that a small plastic ruler could have fractured his nasal bone" and that "the injuries to his face are suspicious for abuse."

Mr. Smith's mother and legal guardian, Linda Clark, was not informed of the incident. When she arrived, she saw immediately that Mr. Smith was in pain and needed medical treatment. She took him to Dr. Mark Langenberg in Livingston, Tennessee, on December 16, 2009.

Dr. Langenberg noted that Mr. Smith had a cut over his right eye, bruising over both his eyes. Dr. Langenberg related the story regarding the ruler, and stated "The degree of his ecchymosis (bruising) does not appear to be consistent with that type of an injury to me." Eventually Mr. Smith was diagnosed with a nasal bone and right orbital rim fracture. Due to the injuries suffered on December 7, 2009, Mr. Smith had to

endure painful surgery and recovery including but not limited to a septoplasty, a tubinectomy, rhinoplasty and a resection of the inferior turbinates.

    2.    <u>Defendant's Theory of the Case</u>

The defendant admits that Jeffrey Smith does have disabilities as a result of the previous trauma, but the defendant avers that Mr. Smith does and is capable of making his own decisions as to his care and treatment. Mr. Smith does not have a conservator nor guardian, nor has he executed a Power of Attorney for anyone to act on his behalf.

Community Options, Inc. admits that it operates a number of residential units in Putnam County and that Jeffrey Smith resided in one of these units. The defendant contends that Jeffrey Smith and Chris Paran knew each other prior to their rooming together and agreed to room together. Jeffrey Smith's mother was aware of this decision and was agreeable to these arrangements and indicated that Jeffrey Smith and Chris Paran were related.

The defendant asserts that the incident of December 7, 2009 was an accident that occurred when Chris Paran was playing around with the COI employee when the ruler came out of his hand and struck Jeffrey Smith under his left eye. The defendant denies that this was a result of any negligence on the part of the COI employee or COI.

First Aid was administered to Jeffrey Smith and Mr. Smith adamantly refused to seek any further medical treatment. The defendant contends that any nasal fracture that Jeffrey Smith had pre-existed this event and was a long-standing deformity.

    **C.**    **Issues Resolved:**    Jurisdiction and Venue.

    **D.**    **Issues Still in Dispute:**

    1.    Was the defendant negligent for allowing Jeffrey Smith to reside with Chris Paran?

    2.    Did Jeffrey Smith and Chris Paran mutually agree to room together?

    3.    Was any injury sustained by Jeffrey Smith on December 7, 2009 the result of negligence on the part of COI or COI's employee?

    4.    Did the COI employee file a report minimizing the incident?

5. Was Jeffrey Smith's nasal bone fracture due to this incident or a pre-existing condition?

6. Did the defendant act appropriately under the circumstances in regards to medical treatment of Jeffrey Smith on December 7, 2009?

**E.     Initial Disclosures:** The parties shall exchange initial disclosures pursuant to FED.R.CIV.P.26(a)(1) on or before May 15, 2011.

**F.     Discovery:**   The parties shall complete all written discovery and depose all fact witnesses on or before August 15, 2011.  Discovery is not stayed during dispositive motions, unless ordered by the Court.  Local Rule 9(a)(2) is expanded to allow 40 Interrogatories, including sub-parts.  No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

**G.     Motions to Amend:**   The parties shall file all Motions to Amend on or before September 15, 2011.

**H.     Disclosure of Experts:** The plaintiff shall identify and disclose all expert witnesses and expert reports on or before July 15, 2011.  The defendant shall identify and disclose all expert witnesses and reports on or before August 15, 2011.

**I.     Depositions of Expert Witnesses:**   The parties shall depose all expert witnesses on or before September 15, 2011.

**J.     Joint Mediation Report:** The parties shall file a joint mediation report on or before September 15, 2011.

**K.     Dispositive Motions:** The parties shall file all dispositive motions on or before September 15, 2011.  Responses to dispositive motions shall be filed within twenty (20) days after the filing of the motion.  Optional replies may be filed within ten (10) days after the filing of the response.  Briefs shall not exceed <u>20 pages</u>.  No motion for partial summary judgment shall be filed except upon leave of court.  Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in

terms of overall economy of time and expense for the parties, counsel and the court.

**L.     Electronic Discovery:**  The parties have reached agreements on how to conduct electronic discovery.  Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

**M.     Estimated Trial Time:**  The parties expect the trial to last approximately two (2) days.

It is so **ORDERED**.

**ENTERED** this the __8th__ day of ~~March~~ April 2011.

_____
**JUDGE ALETA TRAUGER**
United States District Judge

Submitted for entry:

/s/  Henry D. Fincher
_____
Henry D. Fincher (No. 16682)
Attorney for Plaintiff
305 East Spring Street
Cookeville TN 38501
(931) 528-4000

**ORTALE, KELLEY, HERBERT & CRAWFORD**

/s/ William M. Billips
_____
William M. Billips (5765)
Attorney for Defendant
200 Fourth Avenue North
Post Office Box 198985
Nashville, TN 37219-8985
(615) 256-9999